UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
GLENN LOWY

              Plaintiff,

v.                                           **COMPLAINT**
                                               **Jury Trial Demanded**

NEW YORK COMMUNITY BANK CORP.,
CIGNA GROUP INSURANCE

              Defendants.
----------------------------------------------------------X

# ERISA COMPLAINT

### A.    Introduction

1.    This is an action for disability benefits pursuant ERISA 29 U.S.C. 1001 et. seq. under a disability plan in which Plaintiff maintains he was completely physically disabled under the plan and unable to continue working.

### B.    The Parties

2.    The Plaintiff GLENN LOWY (hereinafter "Plaintiff"), was at all times relevant in the complaint a resident within this district and in all other respects is *sui juri*.

3.    Plaintiff was employed by NEW YORK COMMUNITY BANK CORP. (hereinafter "New York Community Bank" or "Defendant employer") from 1997 until 2012.

4.    Plaintiff was covered under CIGNA GROUP INSURANCE (hereinafter "Defendant Cigna" or "Cigna") and was a participant of Cigna's Disability, Life and Long Term Care Insurance.

5.    At all times hereafter mentioned, the plan was and is a duly organized and existing qualified trust pension plan as defined in 26 U.S.C. 401 and 26 U.S.C. 411.

1

6. Defendant Cigna, is the administrator of the plan.

7. Some of the acts complained of herein occurred within the jurisdiction of the United States District Court for the Eastern District of New York.

8. The plan provides to employees such as Plaintiff a Group Long Term Disability Benefits Plan (hereinafter "LTD benefits" or "LTD") in addition to his salary.

### C. Jurisdiction

10. The Disability Plan was designed and intended to qualify under the requirements of ERISA and upon information does in fact qualify as a plan pursuant to 29 U.S.C. 1002 (1) and (3).

11. This Court has jurisdiction to hear this ERISA claim pursuant to 29 U.S.C. 1132 and venue is proper in that Defendants can found in this District.

12. At all times the Plaintiff is qualified participant in the disability plan pursuant to 29 U.S.C. 1132.

### D. Background

13. Plaintiff worked for the New York Community Bank since approximately April 1997 as an Assistant Bank Manager.

14. On or about March 2012, he suffered a heart attack. Since his heart attack, he has serious medical conditions that render him totally disabled as set forth below.

15. Due to his serious health condition, he has become completely disabled and unable to work in any occupation. Therefore, Plaintiff duly applied to Defendant's CIGNA Long Term Disability benefits (LTD benefits) since he was covered by the plan and was no longer physically able to continue working.

2

16. However, Defendant Cigna denied Plaintiff's application. According to Cigna, in denying Plaintiff's application, it was concluded that Plaintiff was not totally disabled and that he could work in a sedentary occupation. This decision was erroneous as Plaintiff is completely disabled and unable to work at all.

**E.  Cigna's Denial of LTD benefits**

17. On or about July 31, 2015, Defendant Cigna denied LTD benefits to Plaintiff. See Letter of Denial attached hereto as Exhibit "A".

18. Specifically, in its denial letter, it stated in relevant part, that although it was concluded that the medical information continued to support Mr. Lowy's inability to perform his own occupation; "however it did not support an inability to perform the functions of a sedentary occupation". Exhibit "A".

19. This conclusion was further explained by what Defendant Cigna considers to be "disabled" under its policy, as follows,

"An employee is considered Disabled if, because of injury or sickness,

1. He or she is unable to perform the material duties of his or her regular occupation, or solely, or solely due to Injury or Sickness, he or she is unable to earn more than 80% of his or her indexed covered earnings; and
2. After Disability benefits have been payable for 24 months, he or she is unable to perform the material duties of any occupation for which he or she may reasonable become qualified based on education, training or experience, **or** solely due to injury or sickness, he is she is unable to earn more than 80% of his or her indexed coverage earnings".

20. Moreover, it was further stated that a Sedentary Occupation is defined under CIGNA as:

"Exerting up to 10 pounds of force-occasionally (Occasionally activity or condition exists 1/3 of the time) and/or a negligible amount of force frequently (frequently: activity of condition exists from 1/2 to 2/3 of the

3

time) to lift, carry, push, pull, or otherwise move objects, including the human body.  Sedentary work involves sitting most of the time, but may involve walking or standing for brief periods of time.  Jobs are sedentary if walking and standing are required only occasionally and all other sedentary criteria are met".

**F.** **Denial of Internal Appeal**

21. Subsequently, Plaintiff timely challenged said determination and followed Defendant Cigna's Internal Appeal procedures and accordingly Plaintiff submitted a full written appeal with supporting documentation.

22. However, despite submitting the appeal with accompanying supporting medical documentation, Cigna denied LTD benefits to Plaintiff.

**G.** **Plaintiff's Disability**

23. Since his 2012 heart attack, Plaintiff has become completely disabled and unable to work in any capacity whatsoever, including in a sedentary occupation.  The heart attack had a devastating effect to his health and physical abilities.

24. Specifically, due to his serious medical condition, Plaintiff needs to be under constant medication and to be under continuous treatment by his doctors.

25. Plaintiff's serious health conditions include, but are not limited to coronary artery disease, hyperlipidemia, dyslipidemia, atherosclerosis, constant and severe chest pain, coronary artery stenosis, difficulty breathing, edema, esophageal reflux, hypothyroidism, obstructive sleep apnea, shortness of breath, hypertension, nausea, and  injured knee.

26. Moreover, Plaintiff's condition continues to deteriorate since the 2012 heart attack.  In addition, Plaintiff currently has four stents in his heart due to his serious heart problems.  These stents were given to him since his heart attack as his condition is deteriorating.

27. Moreover, Plaintiff is currently taking the following medication: Ambien (to help with sleep apnea), Aspirin (to help with the heart), Lipitor (to lower cholesterol), Motrin (to help with pain in the knee), Nitrogicerin patch (to prevent another heart attack), Protonics( to help with acid reflex), Ranexa (to help with cardiac angina), Requip (to help with restless leg), Synthoid (to help with tyroid problems), In addition, he also have to take Atorvastatin Calcium tablets, ClonazePAM, Levothyroxine Sodium, Pantoprazole, RopiniRole, Vitamin B-12, etc.

28. In sum, Plaintiff is unable to work even in a sedentary occupation due to complications derived from his serious cardiac condition and injured knee. For instance, almost every day Mr. Lowy suffers from chest pains, shortness of breath and nausea which can last for a couple of hours and he is often making trips to the hospital.

29. According to Plaintiff's doctor in addition to his Coronary artery disease, hyperlipidemia and hypertension, he still has at least 2 more blockages in his arteries one of at least 40% and the other is at least 50%.

30. Furthermore, Mr. Lowy has had three knee operations and due to his injured knee he is unable to sit or stand in one position for any length of time without being in pain.

31. Due to his disabilities, Plaintiff has great difficulty in doing daily tasks around his house. For example, he cannot walk up even a few steps without being out of breath. He also cannot go shopping for food, or clean his house, or do his laundry. He has someone come to his house to help him with these simple daily tasks.

32. Due to his disabilities, Plaintiff is also very unsteady on his feet and he often loses his balance.

33. Due to his disability, Plaintiff also constantly suffers from nausea and also sleep

apnea which impact major life activities.

34. Due to his disability, Plaintiff also often loses his train of thought and forgets where he is putting things, even if he just had those things moments before. These symptoms are becoming more frequent as time goes by and more severe.

**H.     Medical Documentation submitted to Cigna in support of Plaintiff's LTD claim**

35. In his application and appeal to Cigna's denial of LTD benefits, Plaintiff submitted a plethora of medical documentation that not only demonstrates his serious medical condition and inability to work at all, but also reflects how often he has to visit the doctor due to his disability, which is not responding to treatment.

36. Plaintiff submitted 163 pages containing medical records which reflect his total disability.

37. Notably, the documents submitted to Defendant Cigna also reflect that Plaintiff's condition is so serious, that he has been at the cardiologist office for extensive testing at least 33 times between 2012 and 2014.

38. The documents submitted to Defendant Cigna also reflected the regular doctor's visits and the visits to other specialists due to Plaintiff's knee condition.

39. All the medical records submitted to Defendant Cigna support the fact that Plaintiff is completely disabled and in need of constant medical supervision, testing and a heavy set of medication just to get by day by day.

**I.     Social Security Disability Documentation**

40. In addition to the medical records, Plaintiff also provided Defendant Cigna with

documents reflecting that due to his disability, the U.S. Government awarded him social security disability benefits, which are only obtainable upon a serious showing of disability.

**J.     Supporting letters submitted by Doctors indicating Plaintiff's total disability**

41.    Furthermore, in support of Plaintiff's LTD application and appeal, he also provided Defendant Cigna with doctor's letters such as a letter from Doctor Moulinie, M.D. dated February 27, 2015, where it is clearly indicated that in the doctor's professional opinion, **"Glen Lowy is unable to work, due to his medical condition which renders him disabled"**.

**K.     Plaintiff is entitled to ERISA benefits**

42.    Based on all the record and supporting documentation provided, Defendant's decision should be reversed and Plaintiff should be granted long term disability (LTD) benefits.

43.    Plaintiff has furnished Defendants with timely notice and proof of claim of his disabling illness and impairments and has otherwise performed all the conditions precedent to entitle him to recover under the disability plan for payment of disability benefits.

44.    At all times hereinafter mentioned, Plaintiff should have been qualified and entitled to continue to receive long term disability benefits pursuant to the disability plan.

50.    The continued denial of Plaintiff's rights under the guise that she could still perform a sedentary job deprives him of disability benefits and is arbitrary, illegal, capricious, unreasonable and contrary to 29 U.S.C. 1001 et. seq. and is not supported by substantial evidence.

51.    Plaintiff has exhausted all administrative remedies available to him under the policy.

52.    Defendant Cigna's denial of the Plaintiff's claim for benefits was a breach of the

insurance contract.

53. Defendant Cigna's denial of the Plaintiff's claim was capricious in that it was unpredictable as it blatantly ignored the substantial medical evidence Plaintiff submitted along with the expert medical documentation submitted concluding that she was disabled and unable to work.

54. As a direct and proximate result the actions, Plaintiff has incurred attorneys' fees in an amount not yet known to Plaintiff.

55. As a direct and proximate result of the actions, Plaintiff has sustained damages in an amount not now known to Plaintiff but on information and belief, such damages will approximate the amount of the benefits due Plaintiff in accordance with the disability plan.

56. Due to the conduct and baseless denial of long term disability benefits, Plaintiff is entitled to a surcharge damages in the form of consequential, exemplary and/or punitive damages for what amounts to fraud in the plan.

### FIRST CLAIM FOR RELIEF

57. The continued denial of Plaintiff's rights under the guise that he is not disabled deprives him of disability benefits and is arbitrary, illegal, capricious, unreasonable and contrary to 29 U.S.C. 1001 et. seq. The decision to classify Plaintiff as not disabled and able to exercise his former job responsibilities is not supported by substantial evidence.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for a judgment in her favor and against Defendants as follows:

a. Declaring plaintiff disabled according to the disability plan;

b.      Declaring that all rights and benefits due to Plaintiff be vested and non-forfeit able;

c.      Awarding Plaintiff a money judgment for sums due and owing which approximate the amount of the benefits due to Plaintiff in accordance with the disability plan;

d.      Awarding that Defendants pay Plaintiff's costs of this suit, together with a reasonable attorney's fee pursuant to 29 U.S.C. 1132 (g) (1);

e.      Awarding Plaintiff surcharge damages in the form of consequential, exemplary and/or punitive damages for fraud in the plan.

f.      Any other relief that is just and equitable;

Dated: New York, New York
       April 29, 2016

                                   STEWART LEE KARLIN
                                   LAW GROUP, P.C.

*S/Natalia Kapitonova*
STEWART LEE KARLIN, ESQ.
NATALIA KAPITONOVA, ESQ.
Attorneys for Plaintiff
111 John Street, 22Fl.
New York, NY 10038
(212) 792-9670

9